# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

VICTOR MANUEL TAGLE,

    Petitioner,

vs.

D. W. NEVEN, et al.,

    Respondents.

Case No. 2:13-cv-01832-JCM-CWH

**ORDER**

    Petitioner, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted an application to proceed in forma pauperis (#2) and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#1). The application is moot because petitioner has paid the filing fee. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court will dismiss part of one count and two counts in full. The court will serve the petition upon respondents for a response to the remaining claims.

    Pursuant to a plea agreement, the state district court convicted petitioner of two counts of attempted sexual assault. Petitioner did not appeal the judgment of conviction. Petitioner filed a post-conviction habeas corpus petition in the state district court. The state district court denied the petition. Petitioner appealed, and the Nevada Supreme Court affirmed. Tagle v. State, No. 62145 (Nev. July 23, 2013).[1] Petitioner also filed a habeas corpus petition directly with the Nevada Supreme Court. The Nevada Supreme Court declined to exercise its original jurisdiction. It denied

---

[1] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=30319 (report generated May 30, 2014).

the petition, instructing petitioner that he needed to file a habeas corpus petition in the state district court and, if denied, appeal the denial for the Nevada Supreme Court to consider his claims. Tagle v. State, No. 61974 (Nev. November 7, 2012).[2] Petitioner then commenced this action.

Ground 1 of the petition is a claim that petitioner received ineffective assistance of counsel. The ground contains 14 numbered paragraphs and then two unnumbered paragraphs. Respondents will need to respond to paragraphs 1 through 13. In paragraph 14, petitioner claims that after he was sent to prison, his counsel sent him a letter with a list of all his charges. Petitioner alleges that he had told his counsel not to do that, because he would be in trouble with other inmates, presumably because of the nature of those charges. This occurred after petitioner was convicted. Even if it is true, it does not mean that petitioner is in custody in violation of the constitution or laws of the United States. See 28 U.S.C. § 2254(a). The court cannot grant relief on paragraph 14, and the court dismisses it.

The last two, unnumbered paragraphs of ground 1 are claims of errors in petitioner's state habeas corpus petition. "[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989); see also Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997). The court cannot grant relief on these two paragraphs, and the court dismisses them.

Ground 2 is a claim that petitioner's arrest violated the Fourth Amendment. This arrest occurred before he agreed to plead guilty.

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann [v. Richardson, 397 U.S. 759 (1970)].

Tollett v. Henderson, 411 U.S. 258, 267 (1973). The court cannot grant relief on ground 2 because the facts of the ground preceded entry of his guilty plea. The court dismisses ground 2.

---

[2] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=30147 (report generated May 30, 2014).

For ground 3, the court takes judicial notice of the petition that petitioner filed on October 24, 2012, in the Nevada Supreme Court in Tagle v. State, No. 61974. There appear to be two claims in ground 3. First, petitioner claims that his conviction was due to racial discrimination, in violation of the Equal Protection Clause of the Fourteenth Amendment, because of statements in the state-court record that he is Mexican. Attached to the petition filed with the Nevada Supreme Court are various reports and pleadings, on which petitioner has noted the statements of his nationality. Those statements are just that he is Mexican, that he has relatives living in Mexico, he has had difficulties with immigration law in the past, and that the conviction might have immigration consequences in the future. A simple statement of petitioner's nationality is not proof that he was prosecuted and convicted because of his race. Furthermore, it was essential for petitioner to be informed of possible immigration consequences before entering his plea, because without that knowledge his plea might have been entered unknowingly. This part of ground 3 is without merit.

Second in ground 3, petitioner complains that the transcript of his interview with police contains almost 200 notes that his words were unintelligible. A transcription error is not racial discrimination. Furthermore, petitioner knew what he told the police. If that recollection differed from the prosecution's presentation of his statements, then he could have raised the issue before he pleaded guilty. This claim, to the extent that it is separate from his racial-discrimination claim, is barred by the entry of his plea of guilty. Henderson, 411 U.S. at 267.

The state district court imposed a special sentence of lifetime supervision because petitioner was convicted of sexual offenses. See Nev. Rev. Stat. 176.0931. Petitioner has submitted three motions to remove the lifetime supervision (#9, #12, #14). These motions are premature, because the court has not yet determined whether petitioner is entitled to relief. These motions also are redundant, because relief through the petition would invalidate the lifetime supervision.[3]

Petitioner has submitted three motions for appointment of counsel (#10, #11, #13). Whenever the court determines that the interests of justice so require, counsel may be appointed to

---

[3] If petitioner is entitled to relief, then the court makes no comment on any proceedings in state court subsequent to that relief.

any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. McCleskey v. Zant, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. Weygandt, 718 F.2d at 954. After reviewing the petition, the court finds that appointment of counsel is not warranted.

IT IS THEREFORE ORDERED that the application to proceed in forma pauperis (#2) is **DENIED**.

IT IS FURTHER ORDERED that paragraph 14 and the two subsequent paragraphs of ground 1 of the petition (#1) are **DISMISSED**.

IT IS FURTHER ORDERED that grounds 2 and 3 of the petition (#1) are **DISMISSED**.

IT IS FURTHER ORDERED that petitioner's motions to remove the lifetime supervision (#9, #12, #14) are **DENIED**.

IT IS FURTHER ORDERED that petitioners' motions for appointment of counsel (#10, #11, #13) are **DENIED**.

IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a copy of the petition (#1) and this order. In addition, the clerk shall return to petitioner a copy of the petition (#1).

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date on which the petition was served to answer or otherwise respond to the petition. If respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

1       IT IS FURTHER ORDERED that any exhibits filed by the parties shall be filed with a separate index of exhibits identifying the exhibits by number or letter.  The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment.  The hard copy of any additional state court record exhibits shall be forwarded—for this case—to the staff attorneys in Las Vegas.

        IT IS FURTHER ORDERED that henceforth, petitioner shall serve upon respondents or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court.  Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the respondents or counsel for the respondents.  The court may disregard any paper received by a district judge or magistrate judge that has not been filed with the clerk, and any paper received by a district judge, magistrate judge, or the clerk that fails to include a certificate of service.

        DATED:   June 3, 2014.

                                                                                _____
                                                                                JAMES C. MAHAN
                                                                                United States District Judge