# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

VICTOR MANUEL TAGLE,

     Petitioner,

vs.

D. W. NEVEN, et al.,

     Respondents.

Case No. 2:13-cv-01832-JCM-CWH

**ORDER**

Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#1), respondents' motion to dismiss (#40), petitioner's opposition (#47), and respondents' reply (#49). The court agrees with respondents, and the court grants the motion to dismiss.

Pursuant to a plea agreement, the state district court convicted petitioner of two counts of attempted sexual assault. Ex. 20 (#41). Petitioner did not appeal the judgment of conviction. Petitioner filed a post-conviction habeas corpus petition in the state district court. Ex. 29 (#42). The state district court denied the petition. Ex. 40 (#42). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 52 (#42). Petitioner also filed a habeas corpus petition directly with the Nevada Supreme Court. Ex. 41 (#42). The Nevada Supreme Court declined to exercise its original jurisdiction. It denied the petition, instructing petitioner that he needed to file a habeas corpus petition in the state district court and, if denied, appeal the denial for the Nevada Supreme Court to consider his claims. Ex. 44 (#42). Petitioner then commenced this action. Subsequent to the commencement of this action, petitioner has filed at least one more post-conviction habeas corpus petition in the state district court. Ex. 59 (#43).

1    The petition originally contained three grounds.  The court dismissed ground 2 because it

2  was a claim of constitutional error that occurred before petitioner's guilty plea.  See Tollett v.

3  Henderson, 411 U.S. 258, 267 (1973).  The court dismissed ground 3.  Part of ground 3 was a claim

4  of racial discrimination, but petitioner's allegations and other documents show instead that

5  petitioner's nationality, Mexican, was highlighted because of the possible immigration

6  consequences of pleading guilty.  The other part of ground 3 was a claim that the transcript of

7  petitioner's interview with police contained 200 notations of unintelligible responses.  To the extent

8  that there was a claim of constitutional error, it preceded the guilty plea and could not be raised.  See

9  Henderson, 411 U.S. at 267.  The court dismissed paragraph 14 of ground 1 because it was a claim

10  that trial counsel sent a letter to petitioner in prison with information about his charges, but that

11  occurred after entry of the judgment of conviction and had no bearing on the constitutionality of that

12  judgment.  The court dismissed two unnumbered paragraphs after ground 14 of ground 1 because

13  they were claims of error in the state post-conviction proceedings, and such errors are not

14  addressable in federal habeas corpus.  Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989).  The

15  remaining parts of the petition are paragraphs 1-13 of ground 1.

16    The court agrees with respondents, for the reasons given by respondents, that paragraphs 1-

17  11 of ground 1 are conclusory and do not allege facts that would entitle him to relief.  Ground 1 is a

18  claim of ineffective assistance of trial counsel.  Paragraphs 1 through 11, if true, show that petitioner

19  did not have a good working relationship with his trial counsel.  The Sixth Amendment does not

20  guarantee petitioner a client-counsel relationship free from personal conflict, but it does protect him

21  if "the conflict between [him] and his attorney prevented effective assistance of counsel."  Schell v.

22  Witek, 218 F.3d 1017, 1026 (9th Cir. 2000) (en banc) (citing Morris v. Slappy, 461 U.S. 1, 13-14

23  (1983) ("Accordingly, we reject the claim that the Sixth Amendment guarantees a 'meaningful

24  relationship' between an accused and his counsel.").  Nothing in these paragraphs show anything

25  other than a poor working relationship.

26    Paragraph 12 of ground 1 is a claim that trial counsel tricked petitioner into pleading guilty.

27  The court agrees with respondents that petitioner's own allegations disprove the claim.  Petitioner

28  alleges that counsel told him that he had a 50% chance of probation, but petitioner also alleges that

-2-

1    counsel told him that the judge would make the final decision.  Petitioner's own allegations show

2    that he was fully informed of the possible consequences of the plea bargain before he agreed to it.

3         In paragraph 13 of ground 1, petitioner alleges that he asked trial counsel to appeal, but that

4    she filed the notice of appeal after the time to appeal had expired.  The court agrees with

5    respondents that this claim is unexhausted.  See 28 U.S.C. § 2254(b).  To exhaust a ground for

6    relief, a petitioner must fairly present that ground to the state's highest court, describing the

7    operative facts and legal theory, and give that court the opportunity to address and resolve the

8    ground.  See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459

9    U.S. 4, 6 (1982).  Petitioner mentioned nothing in the body of the state habeas corpus petition about

10   an appeal from the judgment of conviction.  See Ex. 29 (#42).  Instead, he wrote in a letter attached

11   to the petition that counsel did not file a timely appeal when requested.  Id. at 25-26 (#42).

12   Petitioner's method of mentioning the lack of an appeal did not fairly present the issue to the state

13   courts, and paragraph 13 is unexhausted.  With the dismissal of the other remaining paragraphs of

14   ground 1, what is left of the petition is completely unexhausted, and the court will dismiss the

15   action.  See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

16        Reasonable jurists would not find the court's conclusions to be debatable or wrong, and the

17   court will not issue a certificate of appealability.

18        IT IS THEREFORE ORDERED that respondents' motion to dismiss (#40) is **GRANTED**.

19   This action is **DISMISSED**.  The clerk of the court shall enter judgment accordingly.

20        IT IS FURTHER ORDERED that a certificate of appealability shall not issue.

21        DATED:  May 19, 2015.

22

23                                                          _____

24                                                          JAMES C. MAHAN
                                                            United States District Judge

25

26

27

28

-3-